UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

LISA DIAZ,

                           Plaintiff,

                -against-

SEAMEN'S SOCIETY FOR CHILDREN
AND FAMILIES,

                     Defendant.

------------------------------------------------------------- X

Case No.: 10 CV 4229

## AFFIRMATION IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING DETERMINATIONS MADE BY THE NEW YORK STATE DEPARTMENT OF LABOR AND THE UNEMPLOYMENT INSURANCE APPEAL BOARD

**MARISA C. WOOLDRIDGE** declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.       I am an attorney duly admitted to practice before this Court and am an associate with the firm of Babchik & Young, LLP, attorneys for defendant SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES.  As such, I am fully familiar with the facts set forth herein.

2.       I submit this declaration to place the relevant documents before this Court:

       Pltf. Ex. 17     Department of Labor Determination dated June 4, 2009;

       Pltf. Ex. 18     Decision of Administrative Law Judge dated September 21, 2009; and,

       Pltf. Ex. 20     Decision of the Unemployment Insurance Appeal Board dated March 25, 2010.

Dated:  White Plains, New York
        September 28, 2012

                                    BABCHIK & YOUNG, LLP

                          By:       _____
                                    Marisa C. Wooldridge (MW0522)
                                    Attorneys for Defendant
                                    200 East Post Road
                                    White Plains, New York 10601
                                    (914) 470-0001

2

Pltf. Ex. 17

NYS DEPARTMENT OF LABOR
PO BOX 15131
ALBANY NY 12212-5131



NEW YORK STATE DEPARTMENT OF LABOR
NOTICE OF DETERMINATION
THAT CLAIMANT IS ELIGIBLE

6/3

SOCIETY FOR SEAMENS CHILDREN
NATIONAL EMPLOYERS COUNCIL INC
PO BOX 4816
SYRACUSE NY 13221-4816

| | |
|---|---|
| Date Mailed | 6/04/2009 |
| S.S. Acct. No. | 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 |
| Claimant's Name | LISA E DIAZ |
| ER No. | 04-54695 |

17869 17954

**DETERMINATION:**

HE HAVE CONSIDERED THE INFORMATION YOU FURNISHED ON 05-27-09.
THE PERSON IDENTIFIED IS ELIGIBLE FOR UNEMPLOYMENT BENEFITS.

**REASON:**

YOU DISCHARGED THE CLAIMANT ON 04-15-09 FOR FAILING TO REPORT TO WORK
AS DIRECTED ON 04-10-09. THE CLAIMANT OBSERVES 04-10-09, GOOD FRIDAY, AS A
HOLY DAY UNDER HER RELIGIOUS BELIEFS. DENYING THE CLAIMANT TIME OFF FOR A
RELIGIOUS HOLIDAY VIOLATES THE CLAIMANT'S FIRST AMENDMENT RIGHTS UNDER THE
US CONSTITUTION AND 14TH AMENDMENT. THE CLAIMANT'S ACTIONS DO NOT RISE TO THE
LEVEL OF MISCONDUCT UNDER NEW YORK STATE UNEMPLOYMENT INSURANCE LAW. .

☐ This notice supersedes the one sent you dated _____ which has been
cancelled.

We appreciate the cooperation you have given us. If you wish further information about this
unemployment insurance claim, please let us know.

**EMPLOYER RIGHTS AND RESPONSIBILITIES**

IF YOU ARE NOT SATISFIED WITH THIS DETERMINATION, YOU MAY ASK FOR A HEARING BEFORE AN
IMPARTIAL ADMINISTRATIVE LAW JUDGE AT NO COST OR OBLIGATION TO YOU.

HOWEVER, YOUR REQUEST MUST BE MADE BY MAIL TO THE ABOVE OFFICE NOT LATER THAN
30 DAYS FROM THE DATE OF THIS NOTICE.

IF YOU REQUEST A HEARING YOU MUST PROVIDE COMPLETE DETAILS ON WHY YOU OBJECT TO THE
DETERMINATION. FAILURE TO STATE YOUR OBJECTIONS WITH PARTICULARITY MAY RESULT IN A LIMITATION
ON THE GROUNDS YOU MAY RAISE AT THE HEARING. A COPY OF YOUR OBJECTIONS WILL BE SENT TO THE
CLAIMANT.

FOR THE COMMISSIONER OF LABOR

BY _____ C MENHENNETT _____

LO 21 (3-06)

*****>   THIS IS AN OFFICIAL COPY OF THE LO 21    <*****

NYS DEPARTMENT OF LABOR
UNEMPLOYMENT INSURANCE DIVISION
PO BOX 15130
ALBANY                    NY 12212
DATE MAILED: 06/04/2009
  SSN: 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     LO: 801

NEW YORK STATE DEPARTMENT OF LABOR
   UNEMPLOYMENT INSURANCE DIVISION
NOTICE OF DETERMINATION
THAT CLAIMANT IS ELIGIBLE
SOCIETY FOR SEAMENS CHILDREN
NATIONAL EMPLOYERS COUNCIL INC
PO BOX 4816
SYRACUSE                  NY 13221-4816

  CLAIMANT"S NAME    LISA          E DIAZ
  ER. NO.   04-54695
DETERMINATION: WE HAVE CONSIDERED THE INFORMATION YOU FURNISHED ON 05-27-09.
THE PERSON IDENTIFIED IS ELIGIBLE FOR UNEMPLOYMENT BENEFITS.
  REASON: YOU DISCHARGED THE CLAIMANT ON 04-15-09 FOR FAILING TO REPORT TO WOR
  AS DIRECTED ON 04-10-09. THE CLAIMANT OBSERVES 04-10-09, GOOD FRIDAY, AS A
  HOLY DAY UNDER HER RELIGIOUS BELIEFS. DENYING THE CLAIMANT TIME OFF FOR A
  RELIGIOUS HOLIDAY VIOLATES THE CLAIMANT'S FIRST AMENDMENT RIGHTS UNDER THE
  US CONSTITUTION AND 14TH AMENDMENT. THE CLAIMANT'S ACTIONS DO NOT RISE TO TH
  LEVEL OF MISCONDUCT UNDER NEW YORK STATE UNEMPLOYMENT INSURANCE LAW.
< > THIS NOTICE SUPERSEDES THE ONE SENT YOU DATED            WHICH HAS
BEEN CANCELLED.


WE APPRECIATE THE COOPERATION YOU HAVE GIVEN US.  IF YOU WISH FURTHER INFOR-
MATION ABOUT THIS UNEMPLOYMENT INSURANCE CLAIM, PLEASE LET US KNOW.
      BY: C MENHENNETT
*****>   THIS IS THE END OF THE LO 21  <*****              ↓

LD-00039

Pltf. Ex. 18



STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
ADMINISTRATIVE LAW JUDGE SECTION
P.O. BOX 29002
BROOKLYN NY 11202-9002
(718) 613-3500
FAX:(718) 613-3566

**WILLIAM J. ROLD**
CHIEF ADMINISTRATIVE LAW JUDGE

TERESA A. DEMEO
ANDREA S. ADDISON
CHRISTOPHER M. TATE
PRINCIPAL ADMINISTRATIVE LAW JUDGE

BEVERLY DIEGO
MARGARET O'BRIEN
LAURANCE I. PAVER
CAROL PROCOPIO
LEONARD R. SHAPIRO
PAULA S. YORKE
HOWARD M. MEISELES
ALTERIO A. COLETTI
SENIOR ADMINISTRATIVE LAW JUDGE

*DECISION AND NOTICE OF DECISION*
*DECISIÓN Y AVISO DE LA DECISIÓN TOMADA*

A.L.J. Case No. 009-20741

IN THE MATTER OF:

Mailed and Filed:   **SEP 2 1 2009**

LISA E DIAZ
563 E 32ND STREET
BROOKLYN NY 11210

SOCIETY FOR SEAMENS
CHILDREN
1731 PITKIN AVE
BROOKLYN NY 11212-6607

PEOPLES SYSTEMS
PO BOX 4816
SYRACUSE NY 13221-4816

ELSIE POUCEL
BOX 568
BABYLON NY 11702

Department of Labor Office: 831          Hearing Requested: July 02, 2009

**PLEASE TAKE NOTICE** that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within **TWENTY DAYS** from the date this decision was mailed. Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear. **READ IMPORTANT INFORMATION ON REVERSE SIDE.**

**POR FAVOR TOME NOTA** que esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, usted puede apelar dentro de los **VEINTE DIAS** a partir de la fecha en que esta decisión fué enviada por correo. Cualquiera de las partes que falte en comparecer a la audiencia, tiene derecho de aplicar para que reabran su caso. Para que la apelación sea aceptada, la parte interesada debe aplicar dentro de un período de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia. **LEA INFORMACIÓN IMPORTANTE AL REVERSO.**

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

ISSUES:        Employer's objection to claimant's entitlement.
               Loss of employment through misconduct.

The Department of Labor issued the initial determination holding the claimant eligible to receive benefits. The employer requested a hearing and objected contending that the claimant should be disqualified from receiving benefits because the claimant lost employment through misconduct in connection with that employment and that wages paid to the claimant by such employer cannot be used to establish a future claim for benefits.

AB 665-0 (10/06)

LD-00043

We have reviewed the entire record and have considered the testimony and other evidence. It appears that no errors of fact or law have been made. The findings of fact and the opinion of the Administrative Law Judge are fully supported by the record and, therefore, are adopted as the findings of fact and the opinion of the Board.

DECISION: The decision of the Administrative Law Judge is affirmed.

The employer's objection, that the claimant should be disqualified from receiving benefits because the claimant lost employment through misconduct in connection with that employment and that wages paid to the claimant by such employer should not count in determining whether the claimant files a valid original claim in the future, is overruled.

The initial determination, holding the claimant eligible to receive benefits, effective April 13, 2009, is sustained.

The claimant is allowed benefits with respect to the issues decided herein.


                                        TANYA R. DANIEL, MEMBER

DU:AK
                                        LEONARD D. POLLETTA, MEMBER


AB 2 (10/06)                                                                LD-00044

Pltf. Ex. 20



STATE OF NEW YORK
## UNEMPLOYMENT INSURANCE APPEAL BOARD
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

LEONARD D. POLLETTA
CHAIRMAN
MICHAEL T. GREASON
TANYA R. DANIEL
EILEEN M. LONG CHELALES
MEMBERS

######
EXECUTIVE DIRECTOR
JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
TERESA A. DEMEO
CHRISTOPHER M. TATE
PRINCIPAL ADMINISTRATIVE LAW JUDGE

### *DECISION OF THE BOARD*
### *DECISIÓN DE LA JUNTA*

Mailed and Filed:  **MAR 25 2010**

Appeal Board No. 548347

IN THE MATTER OF:

LISA E DIAZ
563 E 32ND STREET
BROOKLYN NY 11210

SOCIETY FOR SEAMENS
CHILDREN
1731 PITKIN AVE
BROOKLYN NY 11212-6607

PEOPLES SYSTEMS
PO BOX 4816
SYRACUSE NY 13221-4816

ELSIE POUCEL
BOX 568
BABYLON NY 11702

A.S.O. - Appeals Section
Department of Labor Office:  831

A.L.J. Case No. 009-20741

PLEASE TAKE NOTICE that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within THIRTY DAYS from the date this decision was mailed.

POR FAVOR TOME NOTA que el comisionado o cualquier otra parte afectada por esta decision que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decision a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los TREINTA DIAS a partir de la fecha en que esta decision fue enviada por correo.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

PRESENT: TANYA R. DANIEL, LEONARD D. POLLETTA MEMBERS

The Department of Labor issued the initial determination holding the claimant eligible to receive benefits, effective April 13, 2009. The employer requested a hearing and objected contending that the claimant should be disqualified from receiving benefits because the claimant lost employment through misconduct in connection with that employment and that wages paid to the claimant by such employer should not count in determining whether the claimant files a valid original claim in the future.

The Administrative Law Judge held a hearing at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances by the claimant and on behalf of the employer. By decision filed September 21, 2009 (A.L.J. Case No.009-20741), the Administrative Law Judge overruled the employer's objection and sustained the initial determination.

The employer appealed the Judge's decision to the Appeal Board. The Board considered the arguments contained in the written statement submitted on behalf of the employer.

AB 2 (10/06)

LD-00045



A hearing was held at which testimony was taken. There were appearances by the claimant and on behalf of the employer.

FINDINGS OF FACT: Claimant was employed as a case planner for a foster care agency until on or about April 15, 2009. In February, 2009, she requested April 10, 2009, off from work. She wanted that day off as her three year old daughter had no school and it was Good Friday which claimant observed as a religious holiday. The employer refused the request. Claimant was absent from work on April 10, 2009, because she observed Good Friday as a religious holiday and she needed to care for her daughter who was home from school. Claimant was discharged from her employment on or about April 15, 2009, because she was absent from work on April 10, 2009.

OPINION: Pursuant to Labor Law § 593 (3), a claimant is disqualified from receiving benefits after having lost employment through misconduct in connection with that employment. Pursuant to Labor Law § 527, the wages paid in such employment cannot be used to establish a future claim for benefits.

The credible evidence establishes that claimant was discharged because she was absent from work on April 10, 2009. On the record before me, I find claimant's need to observe a religious holiday and care for her daughter to be compelling. Therefore, I find that she committed no act of misconduct by reason of her absence. In reaching this decision, I accept the testimony of the claimant as it is supported by documentary evidence. Further, I do not find the employer's testimony that claimant was offered a half day off to be significant. Accordingly, I conclude that claimant is not subject to any disqualification and she is entitled to receive benefits.

DECISION: The employer's objection is overruled.

The initial determination is sustained.

The claimant is allowed benefits with respect to the issues decided herein.

/s/ Diane Dubiac

**Administrative Law Judge**

LD-00046