UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X        Index No.: 10 CV 4229
LISA DIAZ,

                         Plaintiff,                    **DEFENDANT'S**
                                                      **PROPOSED**
                                                       ***VOIRE DIRE***

        -against-

SEAMEN'S SOCIETY FOR CHILDREN AND
FAMILIES,

                         Defendant.
-------------------------------------------------------------------X

      Defendant SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, by and through its

attorneys, Babchik & Young, LLP, hereby proposes the following questions for the voir dire of

the jury.

      a.  Employment Status.

      b.  Job Title.

      c.  The Juror's religion, if any.

      d.  Whether the Juror considers him or herself to be "religious."

            i.  Whether the Juror takes any days off of work for religious observance.

            ii.  Whether the Juror has ever worked on a religious holiday.

            iii.  Whether the Juror has ever been denied a day off of work for a religious

                  holiday.

      e.  Is the Juror familiar with the religious practices of Episcopalians or Anglicans?

      f.  Whether Juror's job includes the supervision of other employees.

            i.  If so, how many?

     ii. Has the Juror undergone any training regarding employment discrimination or retaliation?

g. Whether the Juror has ever terminated an employee.

     i. If so, why?

h. Whether the Juror has ever witnessed discrimination of any kind in the workplace.

i. Whether the Juror has ever been accused of discrimination at his or her job.

j. Whether the Juror has ever been the victim of discrimination in the workplace.

     i. What kind of discrimination?

          1. Failure to accommodate for a religious requirement?

          2. Termination because of religion?

     ii. What did you do? Was it co-worker or supervisor discrimination?

     iii. How did it resolve?

k. Whether the Juror has ever asked for an employer an accommodation for a religious practice?

l. Whether the Juror has ever asked an employer for an accommodation for a disability?

m. Whether the Juror has ever asked an employer for an accommodation so they could take care of a child?

n. Whether the Juror believes that it is more likely or not that if a worker <u>thinks</u> that he or she was discriminated against, than it is more likely that such worker <u>was</u> discriminated against?

o. Whether the Juror has any experience with the foster care field, either through employment or personal experience.

Dated: White Plains, New York
October 3, 2012

BABCHIK & YOUNG, LLP

By:

Jack Babchik
Marisa C. Wooldridge
Attorneys for Defendants
200 East Post Road
White Plains, New York 10601
(914) 470-0001

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

LISA DIAZ,                                          :
                                                    :
                              Plaintiff,            :          Case No.: 10 CV 4229
                                                    :
              -against-                             :
                                                    :
SEAMEN'S SOCIETY FOR CHILDREN                       :
AND FAMILIES,                                       :
                              Defendant.            :
                                                    :
--------------------------------------------------------------- X


## DEFENDANT'S LIST OF WITNESSES FOR JURY


Defendant's intend to call the following witnesses in its case in chief:

1. **Margaret O'Toole.** Ms. O'Toole is the Senior Vice President and Chief Operating Officer of Seamen's Society since January 2008.

2. **John Bethea.** Mr. Bethea was the Director of Foster Care during the relevant events.

3. **Antonio Lawes.** Mr. Lawes is a case worker at Seamen's Society since October 1999 and has been in the foster care field since 1993. Mr. Lawes was a case worker in Plaintiff's unit (Brooklyn – Pitkin Avenue) during the relevant events.

4. **Dayna Weinberg** (formerly Starkweather, as listed on the Parties' Proposed Joint Pretrial Order). Ms. Weinberg was Seamen's Society's Vice President of Foster Care at the time of Plaintiff's employment.

5. **Esther Onwuadiamu.** Ms. Onwuadiamu was the Supervisor of Seamen's Society's Brooklyn – Pitkin Avenue Foster Care Unit during Plaintiff's employment and at the time of her termination.

6. **Maria Merelus.** Ms. Merelus is the Assistant Director of Foster Care at Edwin Gould Services for Children and Families, where Plaintiff found subsequent comparable employment after her termination from Seamen's Society from July 2011 to November 2011.

7. **Ray Cuciniello.** Mr. Cuciniello is the Director of Human Resources at Edwin Gould Services for Children and Families. Mr. Cuciniello will present and authenticate Plaintiff's personnel file from her employment at Edwin Gould.

*BABCHIK & YOUNG, LLP*
*Attorneys for Defendant*
*200 East Post Road*
*White Plains, New York 10601*
*(914) 470-0001*
